```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
FIRST HORIZON BANK, a division of
First Tennessee Bank,
                                          ORDER ADOPTING REPORT
              Plaintiff,                  AND RECOMMENDATION

         -against-                        10-CV-00289 (KAM)(RER)

CATHY MORIARITY-GENTILE a.k.a.
CATHERINE MORIARTY,

              Pro Se Defendant.
-----------------------------------X
```
**MATSUMOTO, United States District Judge:**

On January 22, 2010, plaintiff First Horizon Bank ("plaintiff") commenced this action against the *pro se* defendant Cathy Moriarity-Gentile ("defendant") alleging defendant's breach of an agreement for a home equity line of credit by failing to pay certain amounts due to plaintiff. (*See* ECF No. 1, Complaint ¶¶ 5-9.) As discussed further below, defendant appears to have been properly served, but failed to answer or otherwise move in response to the complaint. On January 10, 2012, the Clerk of the Court noted the default against defendant pursuant to Federal Rule of Civil Procedure 55(a) (*see* ECF No. 25, Clerk's Certificate), and plaintiff consequently filed a motion, on notice to the defendant, for entry of a default judgment on February 17, 2012 (*see* ECF No. 26, Motion for Default Judgment). Presently before the court is a Report and Recommendation (the "R&R") issued by Magistrate Judge Ramon E.

1

Reyes Jr., recommending that the court grant plaintiff's motion and enter a default judgment awarding contract damages to plaintiff in the amount of $734,563.48, with an additional $131.13 per day accruing from the date of the R&R, August 17, 2012, through the entry of final judgment. (*See* ECF No. 33, R&R at 12.)

The R&R directed plaintiff to serve a copy of the R&R on defendant (*id.* at 13), and plaintiff served defendant by mailing a copy of the R&R to defendant's residence in Dix Hills, New York (the "Dix Hills Residence") on August 17, 2012 (*see* ECF No. 34, Affidavit of Service).[1] As explicitly noted at the end of the R&R, any objections to the R&R were to be filed within fourteen business days of receipt of the R&R, or by September 12, 2012.[2] (R&R at 12-13); *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

In a letter dated September 7, 2012, defendant timely objected to the R&R on the sole basis that she was never properly served with the summons and complaint in this action. (*See* ECF No. 35, Defendant's Objection ("Def. Obj.") at 2.) By an Order dated September 14, 2012, the court scheduled a

---

[1] In an undated letter mailed on May 18, 2011 and docketed on May 31, 2011, defendant advised the plaintiff and the court that she should be served at her Dix Hills Residence. (*See* ECF No. 20, Undated *Pro Se* Letter from Defendant at 1.)

[2] Pursuant to Federal Rule of Civil Procedure 6(d), the court added three days to the period within which defendant was required to respond.

2

traverse hearing for September 25, 2012 to determine whether service of process was properly effected on the defendant, and plaintiff served a copy of that Order on the defendant at her Dix Hills Residence via FedEx priority overnight mail on September 18, 2012.  (*See* ECF No. 36, Certificate of Service.)  By a Scheduling Order dated September 18, 2012, the court rescheduled the traverse hearing from September 25 to September 27, 2012, and plaintiff served a copy of that Order on the defendant at her Dix Hills Residence via FedEx priority overnight mail on September 19, 2012.  (*See* ECF No. 37, Certificate of Service.)  On September 20, 2012, plaintiff filed a response to defendant's objection and did not object to the R&R.  (*See* ECF No. 38, Plaintiff's Letter dated Sept. 19, 2012 ("Pl. Resp.").)  A copy of plaintiff's response to defendant's objection to the R&R was served on the defendant at her Dix Hills Residence via regular first-class mail on September 20, 2012.  (*See* ECF No. 39, Certificate of Service.)

On the afternoon of September 26, 2012, the day before the traverse hearing of which defendant presumably received notice on September 20, 2012, defendant faxed a letter stating that she "just received a Fed Ex package at [her] home this morning at 9:38 AM" and that she is unable to appear at the traverse hearing because she is "disabled with double shoulder surgery and cannot drive right now."  (ECF No. 40, Defendant's

3

*Pro Se* Letter Faxed on Sept. 26, 2012 at 1.)  Additionally, defendant requested an adjournment of thirty days "in order to find a lawyer and try to resolve this issue."  (*Id.* at 1-2.)

## LEGAL STANDARD

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3).  To the extent a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").  Where no objection to a Report and Recommendation has been timely made, "'a district court need only satisfy itself that that there is no clear error on the face of the record.'"  *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

The court is mindful "that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise

4

the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008).

## **DISCUSSION**

Here, the only objection to the R&R is defendant's unsworn statement that she was not properly served with the summons and complaint in this action. (*See* Def. Obj. at 2.)[3] "'Under New York law, a traverse hearing is required when there exists a genuine issue of fact of whether service was properly made.'" *U.S. Flour Corp. v. Certified Bakery, Inc.*, No. 10-CV-2522, 2012 U.S. Dist. LEXIS 29896, at *7 (E.D.N.Y. Mar. 5, 2012)

---

[3] This is not the first time that defendant contested service of process in this action. In an undated letter mailed to the court on May 18, 2011 and docketed on May 31, 2011, defendant asserted, *inter alia*, that service was deficient and directed plaintiff to serve her at her Dix Hills Residence. (ECF No. 20, Undated *Pro Se* Letter from Defendant at 2 ("Please consider directing [plaintiff's counsel] and his Client to properly serve me with whatever lawsuit they intend to bring against me so I can answer and address the lawsuit with counsel and assert my just claims in a timely manner.").) Accordingly, on June 7, 2011, the court ordered plaintiff to serve defendant personally with the summons and complaint at her Dix Hills Residence, and plaintiff filed proof of personal service on plaintiff at the Dix Hills residence on September 7, 2011. (*See* ECF No. 23, Affidavit of Service.) Defendant then failed to answer or otherwise respond to the complaint, which led to the Clerk's entry of default on January 10, 2012 and the instant motion for entry of a default judgment.

(footnote omitted).  "Typically, a process server's affidavit of service establishes a prima facie case of proper service."  *Id.* at *8 (citing *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002)).  "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing."  *Old Republic*, 301 F.3d at 57.  "[C]ourts have 'considerable procedural leeway' in deciding how to address allegations of improper service and may conduct an evidentiary hearing even without a sworn denial."  *U.S. Flour Corp.*, 2012 U.S. Dist. LEXIS 29896, at *9 (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

Magistrate Judge Reyes found that defendant was properly served with process in this action when, according to the process server's affidavit, defendant was personally served with the summons and complaint at her Dix Hills Residence on August 25, 2011.  (R&R at 4, 6-7 (citing ECF No. 23, Affidavit of Service).)  In its response to defendant's objection, plaintiff submitted a second sworn affidavit of the process server, Mr. Murray Browne, and an affidavit from Ms. Marylou Nolan, a friend of Mr. Browne who was present when Mr. Browne served the defendant.  (*See* ECF No. 38-2, Affidavit of Murray Browne ("Browne Aff."); ECF No. 38-3, Affidavit of Marylou Nolan.)  Mr. Browne stated that he made two attempts to serve

6

the defendant at her Dix Hills Residence. (Browne Aff. ¶ 6.) In the first attempt, in or around late July 2011, Mr. Browne visited the Dix Hills Residence and was advised by a woman – whom Mr. Browne now knows to be the defendant – that the defendant could not be located at that address. (*Id.* ¶ 7.)

In the second attempt, Mr. Browne arrived at the Dix Hills Residence on August 25, 2011, this time with a photo of the defendant, who is a fairly well-known film and television actress. (*Id.* ¶¶ 9-10.) Mr. Browne recognized the woman who came to the door as the defendant from the photo, but when Mr. Browne asked the woman if she was "Cathy Moriarty-Gentile," the woman denied that she was the defendant. (*Id.* ¶¶ 13-14.) After Mr. Browne advised the woman that he was there to serve legal papers on the defendant and that there may be another attempt at service by a sheriff, the woman at the door admitted that she was indeed the defendant. (*Id.* ¶¶ 14-15.) Mr. Browne then handed a copy of the summons and complaint to the defendant, and the two then spoke for approximately ten minutes about the defendant's role in the film "Raging Bull." (*Id.* ¶ 15.) Specifically, the defendant told Mr. Browne about how her co-star in the movie, Robert De Niro, gained weight for his role and stayed in character during breaks in filming. (*Id.*) Mr. Browne's sworn affidavit of personal service establishes a prima case of proper service that must be rebutted by the defendant.

In her objection, which is unsworn, the defendant stated in a conclusory fashion: "I was not served as required by law and previously directed by the court." (Def. Obj. at 2.) The court recognizes that a traverse hearing is generally not required where the defendant fails to provide a *sworn* denial of receipt of service and "fails to swear to 'specific facts to rebut the statements in the process server's affidavits.'" *Old Republic Ins. Co.*, 301 F.3d at 58. Nevertheless, the defendant here is proceeding *pro se* and likely did not know she was required to submit a sworn denial of receipt of service. Accordingly, as the defendant requests thirty days to find counsel to represent her in this action, the court will adjourn the traverse hearing to provide defendant with an opportunity to obtain counsel. The court notes, however, that the defendant has known about this action since at least May 2011 and that she has waited more than a year to find counsel. The defendant is thus advised that her actions in this case appear to be dilatory on their face and that further tactics to delay this case will not be tolerated.

Other than Magistrate Judge Reyes' finding that the defendant was properly served with process in this action, the parties have not raised any objections to any other portion of the R&R. The court therefore reviews all other portions of the R&R for clear error. Upon a careful review of the R&R and the

8

record in this case, the court finds no clear error in the R&R and hereby affirms and adopts it as the opinion of the court, with the sole remaining issue in this case being whether plaintiff was properly served with process.

## CONCLUSION

For the reasons set forth above and in Magistrate Judge Reyes' thorough and well-reasoned Report and Recommendation, the court adopts the R&R and grants plaintiff's motion for default judgment without prejudice to defendant's right to contest service, which is the sole remaining issue in this case.  Defendant is granted until October 30, 2012 to obtain counsel and submit a sworn or affirmed denial of receipt of service that swears or affirms under penalty of perjury to specific facts to rebut the statements in Mr. Browne's affidavit.  *Old Republic Ins. Co.*, 301 F.3d at 58.  Upon receiving defendant's sworn or affirmed factual submission, the court will determine whether a traverse hearing is required and schedule a hearing, if necessary.  If the court does not receive any sworn or affirmed submission from the defendant by October 30, 2012, the court will direct the Clerk of Court to enter judgment in favor of plaintiff and against defendant in the amount of $734,563.48, with an additional $131.13 per day accruing from the date of the R&R, August 17, 2012, through the entry of final judgment, plus post-judgment interest to the

9

extent provided by law.  Plaintiff shall serve a copy of this decision on the *pro se* defendant via overnight mail and file a certificate of service via ECF by September 28, 2012.

**SO ORDERED.**

Dated:     September 27, 2012
           Brooklyn, New York

                                              /s/
                                    Kiyo A. Matsumoto
                                    United States District Judge
                                    Eastern District of New York