```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FIRST HORIZON BANK, a division of
First Tennessee Bank,
                                            MEMORANDUM AND ORDER
              Plaintiff,
                                            10-CV-00289 (KAM)(RER)
        -against-

CATHY MORIARTY-GENTILE a.k.a.
CATHERINE MORIARTY,

              Pro Se Defendant.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

On September 30, 2013, defendant Cathy Moriarty-Gentile, *pro se*, filed a motion for reconsideration of the court's denial of her previous motion to vacate and stay execution of the judgment against her. ("Mot. for Recons.," ECF No. 56.) For the reasons stated below, the motion is denied.

**I.  Background**

Briefly, the procedural history of the case is as follows. On January 22, 2010, plaintiff First Horizon Bank commenced an action against defendant to recover damages from defendant's breach of an agreement for a home equity line of credit. (Compl., ECF No. 1.) The docket reflects plaintiff's multiple attempts to serve defendant with process and with papers related to plaintiff's motion to note and enter default at multiple addresses in New York and California. (*See, e.g.*, ECF Nos. 5, 7, 8, 12, 13, 23.) Upon defendant's representation

that she was available to accept service at her residence in Dix Hills, New York, the court ordered plaintiff to serve defendant at that address and ordered defendant to cooperate with plaintiff's counsel to accept service. (Order dated June 7, 2011, ECF No. 20.) Plaintiff's process server filed an affidavit of service on September 7, 2011, stating that defendant was personally served on August 25, 2011 at 12:55 p.m. at her Dix Hills residence. (ECF No. 23.)

The Clerk of Court noted defendant's default on January 10, 2012, and plaintiff moved for entry of default judgment on February 17, 2012. (ECF Nos. 25, 26.) The Honorable Ramon E. Reyes subsequently recommended that the motion be granted and that judgment be entered against defendant in the amount of $734,563.48, with an additional $131.13 per day accruing from August 17, 2012, the date of the Report and Recommendation, through the entry of final judgment. ("R&R," ECF No. 33.)

On September 7, 2012, defendant timely objected to the R&R on the basis that she had not been properly served with a copy of the summons and complaint. (ECF No. 35.) The court adopted Magistrate Judge Reyes' R&R without prejudice to defendant's right to contest service and scheduled a traverse hearing to determine the validity of the service. (ECF No. 41; Order of Nov. 6, 2012.) Defendant was ordered to provide the

addresses of all witnesses she intended to call at the traverse hearing and warned that witnesses whose addresses were not produced would not be permitted to testify after defendant's counsel failed to provide the addresses of prospective witnesses. (Order dated Nov. 14, 2012.) The traverse hearing was held on November 30, 2012. Defendant, then represented by counsel, testified. Defendant also presented testimony from two other witnesses.

After considering the evidence presented at the hearing, the court concluded that plaintiff had demonstrated by a preponderance of the credible evidence that defendant had been properly served. (Mem. & Order on Traverse Hr'g 10-11, ECF No. 47.) Consequently, the court granted the motion for default judgment, and the Clerk of Court entered judgment against defendant on February 21, 2013. (Clerk's J., ECF No. 48.)

On August 2, 2013, defendant, proceeding *pro se*, filed a letter motion to vacate the judgment and stay proceedings against her, arguing that she was unfit to participate in the traverse hearing because of the effects of pain management medication she had been prescribed and that she had not been served a copy of the notice of entry of judgment. (Mot. to Vacate, ECF No. 51.) In support of this motion, defendant provided an "Interventional Pain Management Center Patient Discharge Instruction Sheet" from North Shore-LIJ Southside

3

Hospital, as well as a letter dated March 13, 2013 from Dr. John Brennan, M.D. of Orthopedic Associates of Long Island, LLP, stating that defendant "was given a Rx for pain medication in November of 2012." (Mot. to Vacate 4-5.)

By order dated August 12, 2013, the court denied the motion to vacate for the following reasons: neither defendant nor her attorney raised any question of defendant's competency to testify at the traverse hearing; the physician's note submitted with the motion did "not specify what medication defendant was prescribed, what dose she was prescribed, and for what specific period of time she was to take the unidentified medication," nor did the note "corroborate defendant's claim to having been rendered 'mentally incapacitated' by the medication;" and the documentation provided by plaintiff demonstrated that defendant had in fact been served with the notice of entry of judgment, although defendant previously claimed she had not. (Order dated Aug. 12, 2013.)

Plaintiff now requests that the court reconsider the denial of her motion to vacate the judgment and stay proceedings.[1] This motion for reconsideration is essentially identical to the motion to vacate in that it argues that the

---

[1] In her motion, defendant also requests a stay of a court ordered post-judgment deposition scheduled for the day after the motion's filing. (Mot. for Recons. 4; *see also* Subpoena, ECF No. 53; order dated Aug. 12, 2013.) According to plaintiff, defendant appeared at the deposition, and thus the court deems this aspect of defendant's motion to be moot. (*See* Pl.'s Opp. 1.)

4

defendant was not medically competent during the traverse hearing. (ECF No. 56.)

Defendant's motion for reconsideration does provide additional documentation but fails to explain why it was not presented in connection with the traverse hearing. Attached to defendant's moving papers are an updated letter from defendant's treating orthopedic physician, Dr. John Brennan, and a letter from defendant's "estranged" husband, Joseph Gentile, stating that he would testify on defendant's behalf regarding the inadequacy of service. (Mot. for Recons. 5-6.) The physician's letter now specifies the pain medication defendant was taking "as and when needed," including at the time of the hearing and offers Dr. Brennan's opinion that defendant's prescribed medication "would not allow her to have the medical competency to appear before the court, adequately participate in legal matters, or maintain the ability of understanding the relevant facts or the representation of same." (Mot. for Recons. 5.) In her reply papers, defendant also submits a statement from Elliot J. Hurdy, a caterer and event planner acquainted with Ms. Moriarty-Gentile and her husband. (Def.'s Reply, ECF No. 59, at 8-9.) The letter asserts that Mr. Hurdy was with the defendant and her family at the time plaintiff asserts that service was made.

## II. Discussion

Motions for reconsideration are governed by Local Civil Rule 6.3. *See, e.g.*, *E. Coast Res., LLC v. Town of Hempstead*, 707 F. Supp. 2d 401, 412-413 (E.D.N.Y. 2010). This Rule states in relevant part:

> Unless otherwise provided by the Court or by statute or rule . . . , a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel [or the *pro se* movant] believes the Court has overlooked. . . . No affidavits shall be filed by any party unless directed by the Court.

Reconsideration of a previous order "is within the sound discretion of the district court, . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Mangino v. Inc. Village of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011) (internal citations and quotation marks omitted). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can identify controlling decisions or data that the court overlooked — matters, in other words, that may reasonably be expected to alter the conclusion reached by the district court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)

(internal citations omitted). However, motions for reconsideration "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may [they] be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257).

As an initial matter, defendant's motion is not timely. The court denied defendant's motion to vacate the judgment and stay proceedings on August 12, 2013, forty-nine days before defendant filed the instant motion. Untimeliness in filing a motion for reconsideration is grounds for its denial. *See Gibson v. Wise*, 331 F. Supp. 2d 168, 169 (E.D.N.Y. 2004) (denying a *pro se* plaintiff's motion for reconsideration as untimely and noting that a party's "pro se status does not insulate him from complying with the relevant procedural rules" (internal citation omitted)); *see also Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (dismissing a represented party's motion for reconsideration as untimely). Defendant does not offer any reason as to why she would have been unable to file her motion for reconsideration within the requisite time period.

Defendant's motion also does not succeed on the merits. In essence, defendant has now submitted new factual information to bolster her claim on the motion to vacate that

she was not competent during the traverse hearing. Defendant, however, does not provide any explanation as to why she and her counsel could not have offered Mr. Hurdy's testimony at the traverse hearing on November 30, 2012, or why the she and her counsel did not alert the court that her husband would testify if able. As noted above, motions for reconsideration "may not be used to advance new facts." *Davidson*, 172 F. Supp. 2d at 461.

Moreover, these submissions do not "alter the conclusion reached by the . . . court." *Shrader*, 70 F.3d at 257. It appears that defendant continues to assert that she was not present to accept service at the address where the process server credibly testified that she accepted personal service and that, if granted a new traverse hearing, she could demonstrate this fact. However, the court based its opinion largely on the fact that the process server and his companion gave credible, consistent and detailed testimony during the traverse hearing and were disinterested parties. (Mem. & Order on Traverse Hr'g 9-10.) Further, defendant's witnesses did not conclusively establish defendant's whereabouts on the date of service and contradicted each other, and defendant herself had provided the plaintiff with the address at which she could be served. (Mem. & Order on Traverse Hr'g 7, 10.) To the extent that defendant identifies additional witnesses, her husband and Mr. Hurdy, she

gives no reason that neither she nor her then-counsel brought these witnesses to the court's attention at the hearing or other timely date.  Nor did defendant's witnesses testify at the traverse hearing that defendant's husband and Mr. Hurdy were present at defendant's beach house in Flanders at any time in August 2011.  In light of the above reasons and the specific and credible evidence to support service in this case, the motion for reconsideration and to stay proceedings is denied in its entirety.  Defendant has updated her email address an dshall receive service of this Memorandum and Order by ECF.

**SO ORDERED.**

Dated:     December 4, 2013
           Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge
Eastern District of New York